# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SHUNITA SCOTT, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:06-CR-0390-RWS |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-2372-RWS |

## ORDER

On March 29, 2007, Movant Shunita Scott entered a guilty plea in this Court to mail fraud, in violation of 18 U.S.C. §§ 1341 and 2, making false statements, in violation of 18 U.S.C. §§ 1014 and 2, and money laundering, in violation of 18 U.S.C. §§ 1957 and 2. [Docs. 56, 74]. On July 3, 2007, this Court sentenced Movant to thirty months of imprisonment on each count, to run concurrently, and to be followed by a five-year term of supervised release. [Doc. 67]. Movant was also ordered to pay a special assessment of $300.00 and to make restitution, payable jointly and severally with co-defendant Christopher Hill, as follows: $32,225.00 to R.C.; $15,390.00 to Wells Fargo; $9,000.00 to Wells Fargo; and $15,987.00 to Mortgage Electronic Registration Systems, Inc. [Id.]. Movant did not file a timely appeal.

On July 31, 2007, Movant filed the instant 28 U.S.C. § 2255 motion to vacate, alleging, inter alia, that she was denied effective assistance of counsel because her counsel failed to file a notice of appeal after Movant requested him to do so. [Doc. 68]. The Government responds that the Court should appoint counsel for Movant and hold an evidentiary hearing to determine the content of the communications between Movant and her counsel regarding an appeal. [Doc. 76 at 4-5]. This matter is now before this Court for consideration.

The Eleventh Circuit has held that, where a defendant has not waived all of her appellate rights, if the evidence shows that she had asked her attorney to appeal, she would be entitled to an out-of-time appeal. Gomez-Diaz v. United States, 433 F.3d 788, 793-94 (11th Cir. 2005). Movant need not specify grounds for her appeal or that her appeal has merit. Id. (citing Roe v. Flores-Ortega, 528 U.S. 470, 486 (2000)). All Movant must show is that, "but for counsel's deficient conduct, [she] would have appealed." Flores-Ortega, 528 U.S. at 486.

In the motion, Movant asserts that she instructed her attorney to pursue an appeal and claims that her attorney's failure to do so constitutes ineffective assistance of counsel entitling her to relief. Under Eleventh Circuit precedent, the right to an appeal in a criminal case is fundamental.

> A direct appeal from a United States District court to a court of appeals is in effect a matter of right. It is a right which is fundamental to the concept of due process of law. A decision to waive the direct appeal must, therefore, be an informed one. This consideration has found further expression in the 1966 amendment to F. R. Crim. P. Rule 32, which now requires that after trial the sentencing court apprise a defendant of his right to an appeal, and to an appeal in forma pauperis.
>
> . . . By way of analogy we think that the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case.

Arrastia v. United States, 455 F.2d 736, 739 (5th Cir. 1972) (citations and quotations omitted). Moreover, in the recent case of Thompson v. United States, 504 F.3d 1203 (11th Cir. 2007), the Eleventh Circuit held that a criminal defense attorney has an affirmative duty to meaningfully consult with his client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the attorney believes the appeal has any chance of success.

In Thompson, in response to § 2255 movant Thompson's claim that he had told his attorney to file an appeal and that the attorney had failed to do so, the district court held a hearing at which Thompson and his attorney testified. The district court found that the attorney's testimony that Thompson did not ask him to file an appeal was more credible than Thompson's testimony to the contrary. Id. at 1206. Nonetheless, the

3

Eleventh Circuit reversed, concluding that the "record is clear that no reasonable effort was made to discover Thompson's informed wishes regarding an appeal." Id. at 1207.

Under Thompson the burden of demonstrating a knowing and intelligent waiver of an appeal appears to rest with the Government. In order for the Government to prevail in this action, it would have to establish that Movant's attorney explained prior to sentencing "the appellate process or the advantages and disadvantages of taking an appeal . . . .[and] that [counsel] was obligated to file an appeal if that is what [Movant] wanted, regardless of [counsel's] recommendation." Id. Under the rigorous consultation requirement in Thompson, trial counsel's failure to remember exactly what he told Movant a year ago and whether he informed her of her rights prior to sentencing would seem to require a finding in Movant's favor.

Given the importance that the Eleventh Circuit attaches to a criminal defendant's right to an appeal and in the interest of judicial efficiency,[1] this Court concludes that the best course is to use its discretion to grant Movant an opportunity to appeal her convictions and sentence.

---

[1] The Court notes that, according to the Bureau of Prison's Inmate Locator, Movant is incarcerated in Pekin, Illinois. See www.bop.gov. Thus, travel to this Court for a hearing would be costly and burdensome.

4

Accordingly,

**IT IS HEREBY ORDERED** that the § 2255 motion is **GRANTED**, but only to the degree that Movant seeks an out-of-time appeal.

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(I).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Pursuant to Phillips,

(1) The criminal judgment in this action is **VACATED**.

(2) The sentence and restitution imposed by this Court on July 3, 2007, are **REIMPOSED** with appropriate credit for time already served and sums of the special assessment and restitution that may have already been paid.

(3) Movant is hereby **ADVISED** that: (a) she has the right to an appeal; (b) if she is unable to pay the cost of an appeal, she may apply for in forma pauperis status to pursue the appeal; (c) if she so requests, the Clerk of this Court will prepare and file

5

a notice of appeal on her behalf; (d) if she is unable to afford counsel for the appeal, an attorney will be appointed for her; (e) with few exceptions, any notice of appeal must be filed within ten days of the entry of this order.

Mary Erickson is **APPOINTED** to represent Movant in her appeal.

To the extent that Movant is raising any other claims in her § 2255 motion, those claims are **DENIED**. See McIver v. United States, 307 F.3d 1327, 1330 (11th Cir. 2002) (holding that a successful § 2255 motion to obtain an out-of-time appeal does not render a subsequent § 2255 motion "'second or successive'").

**IT IS SO ORDERED** this  22nd  day of September, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)